**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **GILBERT LIMON** | § | |
| | § | |
| **V.** | § | **A-19-CV-021-LY** |
| | § | **(A-17-CR-215-LY)** |
| **UNITED STATES OF AMERICA** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

Before the Court are Gilbert Limon, III's Amended Motion to Vacate Under 28 U.S.C. § 2255 and Memorandum of Law and Facts in Support (Dkt. Nos. 46 & 47), and the Government's Response (Dkt. No. 44). On November 25, 2019, the Court ordered the Government to supplement the record. (Dkt. No. 50). The Government filed its Supplement on January 27, 2020. (Dkt. No. 53). Limon filed a Reply on January 27, 2020. (Dkt. No. 54). The undersigned submits this Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

**I. GENERAL BACKGROUND**

On June 6, 2017, Movant Gilbert Limon, III, was indicted for three crimes: (1) possession with intent to distribute more than 50 grams of methamphetamine in violation of 21 U.S.C. § 841; (2) possession of a firearm during a drug trafficking felony in violation of 18 U.S.C. § 924; and (3) felon in possession of firearm in violation of 18 U.S.C. § 922. On September 29, 2017, Limon entered into a plea agreement, and on October 3, 2017, he pled guilty to a two count Superseding Information, charging him with  (1) possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841; and (2) felon in possession of firearm in violation of 18 U.S.C. § 922.

On December 21, 2017, Limon was sentenced to 180 months of imprisonment on count one, and 120 months on count two, to run concurrently, and a 3 year term of supervised release. No direct appeal was filed in this case.

On January 7, 2019, Limon filed his initial Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255. On May 7, 2019, he moved to amend that motion, which the Court allowed. In his amended motion Limon argues that: (1) he was denied the effective assistance of counsel when his counsel failed to withdraw his guilty plea; and (2) he was denied effective assistance of counsel when his attorney failed to file a notice of appeal as directed by Limon. The Government responds that Limon's motion is time-barred, and Limon was not denied effective assistance by his counsel.

## II. STANDARD OF REVIEW

Under § 2255, four general grounds exist upon which a defendant may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the District Court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255.  The nature of a collateral challenge under § 2255 is extremely limited:  "A defendant can challenge his conviction after is it presumed final only on issues of constitutional or jurisdictional magnitude . . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If the error is not of constitutional or jurisdictional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).  A defendant's claim of ineffective

assistance of counsel gives rise to a constitutional issue and is cognizable pursuant to § 2255. *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1996).

### III. ANALYSIS

The Government asserts that Limon's petition is time-barred. The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year limitations period for federal habeas proceedings, with four possible triggers:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). When a movant fails to file a notice of appeal from the judgment of the trial court, his conviction is final upon the expiration of the time for filing a notice of appeal, which is fourteen days after the entry of the judgment. FED. R. APP. P. 4(b)(1)(A); *See United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008). AEDPA's time-bar applies to both the original Section 2255 motion and any subsequent amendments. *See United States v. Gonzalez*, 592 F.3d 675, 678–79 (5th Cir 2009). In this case, Limon did not file a direct appeal. The parties do not dispute that Limon's final judgment was entered on December 21, 2017, and that he had 14 days from that date, or until January 4, 2018, to file a notice of appeal. As noted, the deadline to file a motion to vacate was one year from this date, or January 4, 2019. Limon's Motion was docketed on January 7, 2019, three days after the statute of limitations deadline.

Limon argues that his motion was nevertheless timely, relying on the prison mailbox rule. In the motion's certificate of service Limon states under penalty of perjury that he placed the motion in "the prison mailing system" on January 2, 2019. Dkt. No. 40 at 12. Prisoners' federal pleadings are considered filed on the date they are placed in the prison mail system. *United States v. Young,* 966 F.2d 164, 165 (5th Cir. 1992); Rule 3(d), Rules Governing Section 2255 Proceedings for the United States District Courts (§ 2255 motion is deemed timely if inmate deposits it in the institution's internal mailing system on or before the last day for filing). "The Fifth Circuit has recognized, however, that the mailbox rule is inapplicable in some circumstances." *Sasser v. Thaler*, 2012 WL 5990953, at *1 n.2 (N.D. Tex. June 14, 2012). Courts have refused to extend the benefit of the mailbox rule to prisoners who did not follow the prison's mailing procedures. *United States v. Williams*, 2011 WL 1211540, at *2–4 (W.D. La. Mar. 29, 2011) (holding that the prisoner was not entitled to the mailbox rule where he "fail[ed] to comply with a reasonable prison regulation"); *see also United States v. Reynolds*, 2007 WL 1962949, at *1 (W.D. La. June 28, 2007) ("[I]f the prison has a legal mail system, then the prisoner must use it as the means of proving compliance with the mailbox rule"); *Chavez–Quezada v. Campos*, 2006 WL 2883084, at *1 n.4 (W.D. Tex. Oct 3, 2006) (courts "have increasingly narrowed the scope of the prisoner mailbox rule, denying its benefit to prisoners . . . who forego the prison mailing system"). This limitation on the mailbox rule has been incorporated into the rules that govern § 2255 cases:

> Inmate Filing. A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

4

Rule 3(d), Rules Governing Section 2255 Proceedings for the United States District Courts.

Limon was incarcerated at the United States Penitentiary in Beaumont, Texas at the time he filed his Motion. On the issue of Limon's mailing, the Government has submitted the Declaration of Jason Tenner, Unit Manager at USP Beaumont, Texas. Dkt. No. 53. Mr. Tenner states that USP Beaumont has a system designated for legal mail in accordance with BOP policy. He states that after inmates deliver sealed or outgoing special or legal mail directly to a staff member, that staff delivers it to the mailroom where it is stamped as "legal mail" or "special mail" on the front of the envelope and also is marked with an ink stamp indicating the contents have not been read by staff prior to mailing. *Id.* Tenner additionally testified that upon review, the envelope in which Limon mailed his motion to the Court did not reflect that it was mailed as "legal mail." *Id.*  While Limon has stated he placed his Motion "in the prison mailing system" he has failed to declare or establish that he used USP Beaumont's "legal mail" system as required to benefit from the prison mailbox rule. Limon's statement is insufficient to invoke the prison mailbox rule. *Cunningham v. Bradley,* 2019 WL 208880, at *3 (N.D. Miss. Jan. 15, 2019) (inmate's use of the regular prison mail system and failure to use the prison's legal mail system precluded his use of the mailbox rule to extend the federal habeas corpus deadline)*; Barnes v. Dowling*, 2019 WL 5697187, at *3 (N.D. Okla. Nov. 4, 2019) (declining to apply the prison mailbox rule based on the movant's declaration that he placed the letter in the United States mail, and did not use the prison's legal mailing system).

Despite the fact that USP Beaumont has a system designed for legal mail, Limon's letter is not stamped as "legal mail" or "special mail," as required by USP Beaumont's regulations, indicating that he did not use the legal mail system. Dkt. No. 53, Mail Management Manual Program; Declaration of Jason Tenner at ¶ 4. Because Limon failed to use USP Beaumont's legal mail system

he is not able to rely on the prison mailbox rule. Rule 3(d), Rules Governing Section 2255 Proceedings for the United States District Courts.  As a result, Limon's Motion is time-barred. *See United States v. Holt*, 650 F. App'x 170 (5th Cir. 2016).[1]

## IV. RECOMMENDATION

In accordance with the preceding, the undersigned **RECOMMENDS** that the District Court **DENY** the Motion to Vacate (Dkt. No. 46).

## V. WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations within fourteen days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

## VI. CERTIFICATE OF APPEAL

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States

---

[1]Because his Motion is time-barred, the Court does not address Limon's ineffective assistance of counsel claims.

District Courts, effective as amended to February 1, 2010, the District Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability ("COA") may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court rejected a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of the movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Accordingly, a certificate of appealability shall not be issued.

SIGNED this 8th day of June, 2020.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE